UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **SAMMY HALE, JR.,**  **Plaintiff,** v. **BARROW COUNTY,**  **Defendant.** | Civil Action No. 2:13-CV-00228  JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Sammy Hale, Jr., for his complaint against Defendant, Barrow County states:

NATURE OF ACTION

1.

This action is an action for race discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"), and 42 U.S.C. §1981. The latter claim is actionable against the Defendant pursuant to 42 U.S.C. §1983. Plaintiff seeks damages in the form of back pay, compensatory damages, punitive damages and recovery of attorney's fees and costs of litigation. Plaintiff also seeks reinstatement to employment with

1

Barrow County with full seniority and benefits, a declaration that the Defendant's racially discriminatory actions were unlawful, and an injunction prohibiting Defendant from discriminating against him in the future.

## JURISDICTION AND VENUE

2.

This Court has original jurisdiction of this action under 28 U.S.C. §§ 1331 and 1343(a)(4), 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. § 1981.

3.

Venue is proper in this Court under 28 U.S.C. § 1391 as this is a judicial district in which Defendant resides and in which a substantial part of the events and omissions giving rise to the claim occurred. Venue is also proper under 42 U.S.C. § 2000e-5(f)(3) as this is the district in which the unlawful employment practices occurred, the employment records relevant to those practices are maintained and where Plaintiff would have worked but for those practices.

## PARTIES

4.

The Plaintiff, Sammy Hale, Jr., an African American male, is a 48 year old citizen of the United States and a resident of the State of Georgia and the Northern District of Georgia.

5.

Defendant Barrow County is a county in the State of Georgia and has the capacity to sue and be sued.

FACTS

6.

Plaintiff was employed by Barrow County from November 28, 2005 until September 30, 2011.

7.

Plaintiff worked as a Barrow County employee in the District Attorney's office for 6 years and then was re-assigned by the County to the position of Director of Specialty Courts Program where he worked until Defendant terminated his employment after Plaintiff was arrested in Fulton County.

8.

On September 11, 2011, Plaintiff was arrested by Atlanta Police in a restaurant where his cousin had arranged for Plaintiff to meet a man interested in a sports training product Plaintiff hoped to market.

9.

Plaintiff was arrested on a false accusation of sexual battery by a female patron after Plaintiff declined to buy a drink for her and her friends.

10.

Plaintiff notified Defendant of his arrest as soon as he was permitted to make a phone call.

11.

Barrow County notified Plaintiff by letter of September 16, that: "it has come to our attention that you were recently arrested and incarcerated for the charge of sexual battery…. As a result, we feel that we have no choice but to place you on unpaid administrative leave pending the adjudication of this matter. However, the Circuit may elect to terminate your employment … at any point…."

12.

On September 26, 2011 a preliminary hearing on the criminal charges against Plaintiff was held in Fulton County State Court. Pursuant to advice of counsel, Plaintiff did not testify, and the charges were bound over for trial.

13.

Defendant did not appear at the Preliminary hearing.

14.

Barrow County notified Plaintiff by letter of September 27, 2011, that his employment was being terminated effective September 30, 2011, "in connection

with your recent arrest and incarceration…" and "…the pendency of the criminal charge against you…."

15.

On September 29, 2011 Barrow County described the circumstances of Plaintiff's separation to the Georgia Department of Labor as, "Termination due to criminal charge of sexual battery in violation of work rules."

16.

Plaintiff was replaced as Director of Specialty Courts Program by Taylor Jones, a Caucasian female with no previous experience with the Specialty Courts Program.

17.

On September 7, 2012, the Fulton County Judge assigned to the case entered an Order consenting to the Nolle Prosequi motion by the solicitor on the criminal charges made against Plaintiff.

18.

Defendant terminated Plaintiff before the adjudication of the charges against him.

19.

Defendant treated similarly situated white employees more favorably by not terminating them before a final adjudication of charges.

20.

Defendant terminated Plaintiff in violation of its policy that Director level terminations must be recommended by the Chairman of the Board of Commissioners and approved by a majority of Commissioners.

21.

Defendant treated similarly situated white employees more favorably by not terminating them without a recommendation by the Chairman of the County Commissioners and approval by a majority of County Commissioners as provided for by County policies.

22.

Defendant gave no credence to Plaintiff's denial of the criminal charge against him or his explanation of events, but chose to use them as a pretext for termination.

23.

Defendant has treated similarly situated white employees more favorably by crediting their denials of charges and not terminating them based on arrest.

24.

Defendant acted willfully and with malice and/or reckless indifference to Plaintiff's federally protected rights in terminating his employment discriminatorily.

25.

Plaintiff timely filed a charge of discrimination based on his race with the Equal Employment Opportunity Commission ("EEOC").

26.

The EEOC issued a notice of right to sue on July 3, 2013.

27.

Plaintiff files this complaint within 90 days of receipt of notice of right to sue.

## CAUSE OF ACTION FOR
## RACE DISCRIMINATION IN EMPLOYMENT

28.

Plaintiff here re-pleads and restates the allegations contained in paragraphs 1 through 27.

29.

Defendant's actions violated Plaintiff's rights under Title VII and 42 U.S.C. § 1981 to be free from discrimination in employment.

30.

The deprivation of Plaintiff's federally protected right to be free from race discrimination in employment was made pursuant to an official policy or custom of Defendant.

31.

Plaintiff suffered damages in the form of lost salary and benefits as a result of the Defendant's actions. Plaintiff also suffered emotional distress as a result of being the victim of race discrimination. Plaintiff is entitled to recover damages from the Defendant.

32.

Defendant's actions were intentional and made with knowledge that they would violate federal law, justifying an award of punitive damages.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

(a) Grant Plaintiff a jury trial on all issues so triable;

(b) Declare Defendant's racially discriminatory actions unlawful;

(c) Order Defendant to reinstate Plaintiff to employment in a management position comparable to that of Specialty Courts Director;

(d) Award Plaintiff back pay, plus legal interest from Defendant;

(e) Order Defendant to restore to Plaintiff all seniority and benefits that he would have earned had he not been subjected to discrimination;

(f) Enjoin Defendant from further acts of discrimination against Plaintiff;

(g) Award Plaintiff compensatory damages for pain and suffering and emotional distress from Defendant, in amounts to be determined by a jury;

(h) Award Plaintiff punitive damages from Defendant;

(i) Award Plaintiff reasonable attorney's fees and costs of litigation, as authorized by Title VII and by 42 U.S.C. §1988; and

(j) Grant Plaintiff such further relief as may be proper.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

This 2nd day of October, 2013.

        Respectfully submitted,
        **STUART & JOHNSTON, LLC**
        By: s/ Gordon S. Johnston
        Gordon S. Johnston
        Georgia Bar No. 396401
        3343 Peachtree Rd. NE, Suite 530
        Atlanta, GA 30326
        Phone: (404) 662-2615
        gjohnston@stuartandjohnston.com
        Attorneys for Sammy Hale, Jr.